UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH L. COOPER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:02-cv-534 |
| | ) | (3:98-cr-74) |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Joseph L. Cooper ("Cooper"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Cooper's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Cooper "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United*

*States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Cooper is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Cooper was convicted by a jury of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was sentenced as an armed career offender to a term of imprisonment of 220 months, pursuant to 18 U.S.C. § 924(e). The conviction was affirmed on direct appeal. *United States v. Cooper*, 15 Fed.Appx. 238 (6th Cir. July 18, 2001). In support of his § 2255 motion to vacate sentence, Cooper alleges that the court's instruction to the jury on unanimity shifted the burden of proof and removed the presumption of innocence. He further alleges that trial counsel was ineffective for failing to object to the jury instruction and that appellate counsel was ineffective for failing to raise the issue on direct appeal.

III.   Discussion

*A. Jury Instruction*

At the beginning of the jury charge, the court instructed the jury on the presumption of innocence and the burden of proof as follows:

> As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. The indictment does not even raise a suspicion of guilt.
>
> Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.
>
> This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from the start to the finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

[Criminal Action No. 3:98-cr-74, Court File No. 39, Transcript of Proceedings, p. 133].

After instructing the jury on reasonable doubt, direct and circumstantial evidence, credibility of the witnesses, elements of the crimes charged, and jury deliberations, the court then instructed the jurors on the requirement that their verdict be unanimous:

> Now, your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find him not guilty, every one of you must

agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

[*Id*. at 144].

Cooper claims that the instruction on unanimity shifted the burden of proof, and required the jury to find Cooper not guilty, thereby removing the presumption of innocence. This claim lacks merit.

The court's unanimity instruction complied with the Sixth Circuit's Pattern Criminal Jury Instructions in effect at the time of Cooper's conviction:

**UNANIMOUS VERDICT**

    (1) Your verdict, whether it is guilty or not guilty, must be unanimous.

    (2) To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

    (3) To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

    (4) Either way, guilty or not guilty, your verdict must be unanimous.

Sixth Circuit Pattern Criminal Jury Instructions § 8.03 (1st ed. 1991). Jury instructions based upon the pattern instructions are proper. *See United States v. Mari*, 47 F.3d 782, 785 (6th Cir. 1995).

In addition, the court's unanimity instruction did not shift the burden of proof nor did it remove the presumption of innocence. The court clearly instructed the jury that Cooper was entitled to the presumption of innocence and that the burden was on the government to prove his guilt beyond a reasonable doubt. Cooper's claim in this regard lacks merit.

4

## B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Cooper must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Cooper alleges that trial counsel rendered ineffective assistance of counsel by failing to object to the jury instruction and that appellate counsel was ineffective by failing to raise the issue on appeal. As noted, the court's instruction complied with the Sixth Circuit's Pattern Criminal Jury Instructions and thus would not be subject to objection. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). Cooper has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

IV. <u>Conclusion</u>

Cooper is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>
United States District Judge